UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LAURENCE LOVEJOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-3017 |
| | ) | |
| BRITTANY GREENE, Warden, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, proceeding *pro se* and presently incarcerated at Western Illinois Correctional Center ("Western"), was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims, as well as a ruling on Plaintiff's pending Motion to Request Counsel (Doc. 5), Motion for a Temporary Restraining Order (Doc. 6), Motion for Extension of Time (Doc. 7), Motion to Compel (Doc. 8), and Motion for Status (Doc. 9).

### **Merit Review Order**

The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### A.  Factual Allegations

Plaintiff alleges that, among other medical issues, he suffers from chronic migraines.  On July 31, 2023, and August 1, 2023, Plaintiff passed out related to this condition.  Sick call staff gave him Tylenol and put a request in for him to see a nurse practitioner.  It took twelve days to be seen by Defendant Nurse Practitioner Keren Howard.  However, she refused to do any tests related to his migraines.  She only gave him Tylenol to treat the migraines, which had already been proven to be an ineffective treatment.  Defendant Howard left Western in September 2023.

Plaintiff alleges that currently at Western there is no physician and no eye doctor, and only one nurse practitioner, Defendant Shana Clarkson.  He further alleges that Defendant Clarkson has refused to see him for medical treatment.  Plaintiff alleges that he had conversations with Defendant Assistant Warden Goins and Defendant Warden Greene about the lack of medical treatment.  Defendant Greene told him he would not send him to an outside physician and walked away.  Defendant Goins said she would look into the issue and walked away.  Plaintiff alleges that he has chronic migraines that cause crippling pain and make him unable to read, write or leave his cell for activities.  While Plaintiff has signed up for sick call, the sick call medical staff have told him that he needs to be seen by Defendant Clarkson to be treated.

On November 30, 2023, Plaintiff also fell trying to get in a upper bunkbed and hurt his leg and lower back.  He alleges he pushed the emergency call button for an hour, but no one came.  He had to sleep on the floor.  He was seen by sick call, but he was told he would have to sign up for sick call two more times because the sick call medical staff could put Plaintiff in to see the doctor or nurse practitioner.  As of January 10, 2024, Plaintiff had not seen a doctor or nurse practitioner.  Plaintiff alleges that Defendant Wexford has a widespread custom, practice,

or policy of not allowing inmates to be referred to a doctor or nurse practitioner until they have

put in for sick call three times.  Because it takes two to three months to be seen by sick call three

times, medical care is being unreasonably delayed.

Plaintiff also alleges that some of his legal mail is not being sent out due to insufficient

funds and that his incoming legal mail has been delayed and on one occasion opened outside of

his presence.  He alleges that Defendants Greene and Goins are aware of these issues and have

not rectified them.  Plaintiff also alleges that Defendant Greene impeded his efforts to file suit by

not responding to his grievances.

Plaintiff alleges that Defendant Kimberly Watson caused him to miss a filing deadline in

a different case.  Specifically, Defendant Watson did not give envelopes to Plaintiff when he had

no money, making him unable to send his filing.  That case was then dismissed for failure to

prosecute.

Plaintiff alleges that all of the Defendants' conduct related to refusing to provide

adequate medical treatment and denying him access to the courts is because he has filed

grievances and lawsuits against them.

**B. Analysis**

The Court finds that Plaintiff states an Eighth Amendment claim for deliberate

indifference to a serious medical need against Defendants Greene, Goins, Clarkson, and Howard.

*See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc) (delay in receiving

treatment and persistence in a treatment known to be ineffective can support an inference of

deliberate indifference).  Plaintiff states a claim against Defendant Wexford Health Sources

based on the allegations that his medical treatment was delayed due to a policy of requiring three

sick call appointments prior to a doctor or nurse practitioner referral.  *See Monell v. Dep't of*

*Social Srvcs. of City of New York*, 436 U.S. 658 (1978).  Plaintiff's allegations also state a First

Amendment claim for retaliation against Defendants Greene, Goins, Clarkson, and Howard.

*Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

Plaintiff's allegations against Defendant Warden Greene regarding the grievances to not

state a claim.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[G]rievance procedures are

not mandated by the First Amendment and do not by their very existence create interests

protected by the Due Process Clause.").  The Prison Litigation Reform Act (PLRA) requires

prisoners to exhaust all available remedies prior to filing suit, but the Act does not require them

to exhaust administrative remedies that have become unavailable.  *Ross v. Blake*, 136 S. Ct.

1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust

unavailable ones.").  If, as Plaintiff alleges, Defendant Greene has frustrated his abilities to

utilize the grievance process, the alleged conduct relieves Plaintiff of his duty to pursue any step

officials have made unavailable without implicating any constitutional rights Plaintiff may have.

But he does not state a separate cause of action with these allegations.

Plaintiff's claims against Defendant Watson for her alleged denial of his access to the

courts are unrelated to his medical claims and brought against an unrelated Defendant, and so

must be brought in a separate suit.  Fed. R. Civ. P. 18(a), 20(a)(2); *George v. Smith*, 507 F.3d

605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different

suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow

inmates to flout the rules for joining claims and defendants . . . or to circumvent the Prison

Litigation Reform Act's fee requirements by combining multiple lawsuits into a single

complaint.").  Plaintiff also may not proceed against Defendant Warden Greene and Defendant

Assistant Warden Goins on a theory of respondent superior for his claims related to his legal mail. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Finally, Plaintiff seeks to bring a claim against Defendant Greene and Defendant Goins because they denied him medical care based on his race. Plaintiff does not offer any factual basis for this claim, but only states conclusory legal allegations. The Court does not find that he states a claim under the Fourteenth Amendment. *See also Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019).

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, the Court finds that Plaintiff has met the first prong. Plaintiff states that he has chronic migraines that prevent him from reading, writing, or leaving his cell for activities for two or three days at a time and that these events occur four to five days a month. However, the Court notes that Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. Moreover, Plaintiff's inability to read or write during periods when he has a migraine can provide a basis for extensions of time when needed. Plaintiff does not indicate that he is unable to litigate the case on his own when he is not experiencing migraines. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew. If Plaintiff renews his motion, he should

also set forth how far he has gone in school, any jobs he has held inside and outside of prison,

any classes he has taken in prison, and any prior litigation experience he has.

**Plaintiff's Motion for Temporary Restraining Order (Doc. 6)**

Plaintiff seeks a court order directing Defendant Warden Greene to immediately take

Plaintiff to see a physician outside the institution for treatment for his chronic migraines, injuries

related to falling trying to get in a upper bunkbed, and issues with blurred vision. He alleges that

the only medical staff competent to treat his conditions—Defendant Nurse Practitioner

Clarkson—is refusing to treat him.

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,*

555 U.S. 7, 24 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)). To prevail, "the

moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an

adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted."

*Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving

party meets the first three requirements, then the district court balances the relative harms that

could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011

(7th Cir. 2005). !

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to

enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir.

2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no

further than necessary to correct the harm the court finds requires preliminary relief, and be the

least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,*

682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases

challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978)).

Here, Defendants have not yet been served in this lawsuit and Plaintiff has not given any indication that he has attempted to give Defendants notice of his motion for a temporary restraining order. Accordingly, the Court does not find that Plaintiff has met his burden under Rule 65(b) for issuing a temporary restraining order without notice. *See* Fed. R. Civ. P. 65(b)(1)(B) (the movant must "certify[y] in writing any efforts made to give notice and the reasons why it should not be required."). Moreover, Plaintiff has not shown that his demand to see an outside physician is necessary. "A prison physician is not required to authorize a visit to a specialist in order to render constitutionally acceptable medical care. Like other medical decisions, the choice whether to refer a prisoner to a specialist involves the exercise of medical discretion, and so refusal to refer supports a claim of deliberate indifference only if that choice is "blatantly inappropriate." *Pyles v. Fahim,* 771 F.3d 403, 411 (7th Cir.2014) (citations omitted). Nevertheless, the Court notes that Plaintiff's allegations, if taken as true, indicate that there is no

medical professional at the jail that is willing and able to treat his serious medical issues. His allegations would also support a finding that leaving his conditions untreated is causing him significant and unnecessary pain and suffering.

Accordingly, Plaintiff's motion is denied, but Plaintiff is granted leave to renew his motion as a motion for a preliminary injunction when Defendants have been given notice. Additionally, to ensure that prison officials are aware of Plaintiff's allegations that the only medical professional onsite is unwilling to see and treat him and to mitigate any issues related to Plaintiff's access to medical treatment, the Court will direct the Clerk to forward a copy of this Order to Western Illinois' Warden.

### Plaintiff's Motion for Extension of Time to Pay Filing Fee (Doc. 7)

Plaintiff seeks an extension of time to pay the filing fee. His motion is granted. The Court notes that the initial filing fee has now been paid, so no new deadline is needed.

### Plaintiff's Motion to Compel (Doc. 8)

Plaintiff's motion to compel is denied. Plaintiff seeks to compel Defendants to respond to his motion for a temporary restraining order. However, Defendants have not yet been served with this lawsuit and they were not given notice of Plaintiff's motion for a temporary restraining order, so they would have been unaware of any need for a response.

### Plaintiff's Motion for Status (Doc. 9)

Plaintiff's motion for status is granted. Plaintiff sought status for the Court's merit review order and order on his motion for a temporary restraining order, which this Order has now addressed.

**IT IS THEREFORE ORDERED:**

**1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference**

to a serious medical need against Defendants Greene, Goins, Clarkson, Howard, and
Wexford Health Sources, and a First Amendment retaliation claim against Defendants
Greene, Goins, Clarkson, and Howard.  Any additional claims shall not be included in the
case, except at the court's discretion on motion by a party for good cause shown or
pursuant to Federal Rule of Civil Procedure 15.

2.      This case is now in the process of service. The plaintiff is advised to wait until
counsel has appeared for the defendants before filing any motions, in order to give notice to
the defendants and an opportunity to respond to those motions. Motions filed before
defendants' counsel has filed an appearance will generally be denied as premature. The
plaintiff need not submit any evidence to the court at this time, unless otherwise directed by
the court.

3.      The court will attempt service on the defendants by mailing each defendant a
waiver of service. The defendants have 60 days from the date the waiver is sent to file an
answer. If the defendants have not filed answers or appeared through counsel within 90
days of the entry of this order, the plaintiff may file a motion requesting the status of
service. After the defendants have been served, the court will enter an order setting
discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by
the plaintiff, the entity for whom that defendant worked while at that address shall provide
to the clerk said defendant's current work address, or, if not known, said defendant's
forwarding address. This information shall be used only for effectuating service.
Documentation of forwarding addresses shall be retained only by the clerk and shall not be
maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is
sent by the clerk. A motion to dismiss is not an answer. The answer should include all
defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall
be to the issues and claims stated in this opinion. In general, an answer sets forth the
defendants' positions. The court does not rule on the merits of those positions unless and
until a motion is filed by the defendants. Therefore, no response to the answer is necessary
or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel
has filed an appearance, defense counsel will automatically receive electronic notice of any
motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to
mail to defense counsel copies of motions and other papers that the plaintiff has filed with
the clerk. However, this does not apply to discovery requests and responses. Discovery
requests and responses are not filed with the clerk. The plaintiff must mail his discovery
requests and responses directly to defendants' counsel. Discovery requests or responses
sent to the clerk will be returned unfiled, unless they are attached to and the subject of a
motion to compel. Discovery does not begin until defense counsel has filed an appearance
and the court has entered a scheduling order, which will explain the discovery process in
more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The clerk is directed to terminate Defendant Kimberly Watson as defendant.

12.     The clerk is directed to attempt service on Defendants Greene, Goins, Clarkson, Howard, and Wexford Health Sources pursuant to the standard procedures.

13.     The plaintiff's Motion for a Temporary Restraining Order [6] is denied with leave to renew.  However, to ensure that prison officials are aware of Plaintiff's allegations that the only medical professional onsite competent to treat Plaintiff's medical conditions is unwilling to see and treat him and to mitigate any issues related to Plaintiff's access to medical treatment, the Clerk is DIRECTED to forward a copy of this Order to Western Illinois' Warden

14.     The plaintiff's Motion to Request Counsel [5] is DENIED with leave to renew.  The plaintiff's Motion to Compel [8] is DENIED.  The plaintiff's Motion for Extension of Time [7] and Motion for Status [9] are GRANTED.


Entered this 23rd day of April, 2024.


_____/s/ Sara Darrow_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE